IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| OCTAVIOUS WILLIAMS, Petitioner, | : | |
| v. | : | NO. 1:26-cv-00102-WLS-AGH |
| WARDEN DESHAWN JONES, Respondent. | : | |

**ORDER OF DISMISSAL**

Petitioner Octavious Williams has filed a federal petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his November 7, 2001, conviction and sentence in the Dougherty County Superior Court. ECF No. 1 at 1. Petitioner, however, has filed multiple previous federal habeas corpus petitions challenging this same conviction, which have been dismissed as successive. *See, e.g.*, Order, *Williams v. Caldwell*, Case No. 1:16-cv-00185-WLS-TQL (M.D. Ga. Nov. 9, 2016), ECF No. 4 (noting that Petitioner had filed seven habeas corpus petitions including the one in that case). "Before a second or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also Guenther v. Holt*, 173 F.3d 1328, 1330 (11th Cir. 1999), *cert. denied*, 528 U.S. 1085 (2000).

The instant petition is successive within the meaning of § 2244(b). Moreover, it does not appear, and Petitioner does not allege, that a three-judge panel of the Eleventh Circuit

Court of Appeals has authorized this Court to consider a successive habeas petition for Petitioner's 2001 conviction. Without such an order, this Court lacks jurisdiction to consider the successive claims. *See* § 2244(b)(3)(A); *Gilreath v. State Bd. of Pardons & Paroles*, 273 F.3d 932, 933-34 (11th Cir. 2001) (per curiam).

The Court therefore **DISMISSES** the petition without prejudice to Petitioner's right to file in the Eleventh Circuit a motion for leave to file a second or successive habeas petition pursuant to § 2244(b)(3). The Court also **DIRECTS** the Clerk to furnish Petitioner with the application form required by the Eleventh Circuit.[1]

**SO ORDERED** and **DIRECTED**, this 11th day of August, 2026.

W. Louis Sands

**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

[1] "[A] dismissal of a successive habeas petition for lack of subject-matter jurisdiction does not constitute a 'final order in a habeas proceeding' for purposes of 28 U.S.C. § 2253(c). . . . Instead, such a dismissal is a 'final decision' pursuant to 28 U.S.C. § 1291 and a [Certificate of Appealability] is thus 'unnecessary. . . .' " *Bolin v. Sec'y, Fla. Dep't of Corr.*, 628 F. App'x 728, 730 (11th Cir. 2016) (per curiam) (quoting *Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004) (affirming dismissal of successive habeas petition for lack of subject-matter jurisdiction)). Accordingly, the Court will not address whether Petitioner has met the standards for issuance of a Certificate of Appealability.